OPINION OF THE COURT
William H. Bristol, J.
By oral motion made in court during March 2000, the defendant seeks an order allowing examination of prospective jurors *404 to be done solely by counsel without participation of the court. The People oppose.
Defendant claims that CPL 270.16 (added by L 1995, ch 1, § 14, eff Sept. 1, 1995) changes the nature of voir dire in capital cases. It is defendant’s position that the language of subdivision (1) of this section requires the court, upon motion of either party, to “permit the parties, commencing with the people, to examine the prospective jurors individually and outside the presence of the other prospective jurors regarding their qualifications to serve as jurors.” (CPL 270.16 [1].) This provision, the defendant claims, excludes the court from participation in the voir dire during a capital case if one of the parties so requests.
Defense counsel neglects to mention the second sentence of this new statutory provision which states: “Each party shall be afforded a fair opportunity to question a prospective juror as to any unexplored matter affecting his or her qualifications, including without limitation the possibility of racial bias on the part of the prospective juror, but the court shall not permit questioning that is repetitious or irrelevant, or questions as to a prospective juror’s knowledge of rules of law. If necessary to prevent improper questioning as to any matter, the court shall personally examine the prospective jurors as to that matter.” (CPL 270.16 [1] [emphasis added].)
In adding CPL 270.16, the Legislature in 1995 did not mean to exclude the court from voir dire. Indeed, individual questioning by each party, under this section, was limited as to “any unexplored matter affecting his or her qualifications.” (CPL 270.16 [1].) “Unexplored matter” refers to CPL 270.15 (1) (c). Proper questioning of the jury requires adherence to CPL 270.15 and 270.16 and in that order. To rule to the contrary would be to ignore the words “unexplored matter” which limits the scope of voir dire under CPL 270.16. As stated by Peter Preiser in the Practice Commentaries to McKinney’s: “Although the legislation is silent on the matter, it would appear that the questioning contemplated by this section will be integrated with the general voir dire provisions of CPL § 270.15 so that the court would initiate the examination and cover matters generally applicable to juror qualifications for the case in the presence of the entire panel of prospective jurors before acceding to a request for questioning individual prospective jurors outside the presence of others.” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 270.16, 2000 Supp Pamph, at 235.)
*405 This court is of the opinion and decides that the enactment of CPL 270.16 did not vitiate the viability of CPL 270.15. Rather it simply created a further opportunity for counsel to examine, individually, prospective jurors concerning their qualifications. The role of the trial court which includes broad discretion to conduct the voir dire remains unchanged. (See, People v Boulware, 29 NY2d 135.) For the foregoing reasons, this court has denied the motion of defense counsel in its entirety.